IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | 8:09CR349 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| THEODORE MANOS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's motion to vacate under 28 U.S.C. § 2255. Filing No. 58. The defendant entered a plea of guilty to a charge of possession of child pornography, 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2), and forfeiture, 18 U.S.C. § 2253. The defendant was sentenced to 10 years of imprisonment. In his § 2255 motion, the defendant alleges that he received ineffective assistance of counsel resulting in the deprivation of the defendant's rights under the Sixth Amendment. Filing No. 58. The defendant alleges that he had ineffective counsel before pleading guilty and that counsel did not object to the five-level increase in the base offense level for defendant's sentence. *Id.* The court ordered the government to answer and it has done so. Filing No. 68. The defendant filed a reply. Filing No. 69.

## STANDARD OF REVIEW

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington*, 466 U.S. 668 (1984). In other words, defendant has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated by his attorney's performance "below the minimum standards of professional competence"; and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would

have been different" had his attorney performed "competently." *Alaniz v. United States*, 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland*, 466 U.S. at 690). A reasonable probability is one "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. To establish deficient performance on behalf of counsel, defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 669.

## DISCUSSION

Defendant pleaded guilty, and as part of the plea agreement, he waived his rights to appeal under § 2255 with the exception of relief based on ineffective assistance of counsel or prosecutorial misconduct, if the grounds were not known by the defendant at the time of the guilty plea. Plea Agreement, Filing No. 40 at 4. Defendant indicated on his petition to enter a guilty plea and during the plea hearing some reluctancy to plea guilty to the possession charge, as he stated he did not look for child pornography on the Internet. Because of his reluctancy, the court questioned him at length about his guilty plea. The court clearly articulated that if the defendant was not going to plea guilty to this charge, the case would be tried the following week. The court took a break and allowed defendant to further confer with his attorney. Following the conference with counsel, defendant returned and pleaded guilty to the possession charge. The court accepted the guilty plea and sentenced defendant to the stipulated 120 months of incarceration. Plea Agreement, Filing No. 40, at 2.

The Eighth Circuit has stated: "[w]hile a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen v. United States*,

114 F.3d 699, 703 (8th Cir. 1997) *(citing Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985)). A defendant convicted by a guilty plea must establish "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Matthews*, 114 F.3d 112, 114 (8th Cir. 1997) *(citing Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The court agrees with the government that defendant, as set forth in the plea agreement, waived his right to file a § 2255 action in this case. This waiver was voluntary and knowing. See *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011) ("waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice"). Defendant has alleged no grounds that were unknown to him at the time of the plea and sentencing, as required in the plea agreement. In fact, this court spent substantial time outlining the claims and offering defendant a jury trial if he did not think he was guilty of possession of child pornography. There are no new facts and no new evidence upon which defendant could base his § 2255 claims. There is no showing that counsel's performance fell below professional norms or that defendant was prejudiced by his counsel's representation. Again, the court had a lengthy discussion with the defendant and offered him a trial. The court likewise insisted that defendant again speak with counsel regarding his guilty plea. Following this break, defendant admitted he was in possession of the computer and it contained child pornography. He signed the plea agreement; he waived his rights.

Defendant also contends that counsel erred in not objecting to the five-level enhancement imposed by the court. The evidence was clear that the five-level

enhancement applied. Defendant disclosed to law enforcement that he used a peer-to-peer network. His IP address sent and received images of child pornography. He was a computer programmer for Mutual of Omaha, and thus he had knowledge of how computers worked. The court found the enhancement applied and counsel was not deficient in failing to object to it. In any event, defendant was sentenced to the statutory mandatory minimum of ten years for Count I, a sentence he agreed to in the plea agreement.

The defendant has made no allegations that would lead this court to believe his plea was anything but voluntary. He was given the opportunity to go to trial. He chose to plead guilty. In fact, by forgoing trial, he did not face the mandatory minimum 15 years in Count II. The court finds there is no merit to defendant's claim that counsel was ineffective. For all the reasons stated herein, the court finds the defendant's motion for § 2255 relief is denied.

THEREFORE, IT IS ORDERED:

1. That the defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Filing No. 58, is denied.

2. A separate Judgment will be entered.

3. The Clerk of Court is directed to send a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 3rd day of February, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.